# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BENNIE RICHARDSON, ) | |
| # 98805-179, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:19-CV-338-C-BH |
| ) | |
| M. UNDERWOOD, ) | Referred to U.S. Magistrate Judge[1] |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Motion for Award of Good Time Under 28 USC Section 2241*, received on February 11, 2019 (doc. 3). Based on the relevant findings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction.

## I. BACKGROUND

At the time he filed his petition, Bennie Richardson (Petitioner) was a federal prisoner incarcerated at the Federal Correctional Institute in Seagoville, Texas (FCI-Seagoville), where he was serving a 151-month custodial sentence, to be followed by 25 years of supervised release, for the possession and distribution of child pornography. (*See* doc. 3 at 1.) The sentence was imposed on October 25, 2011, by the United States District Court for the Southern District of Texas. (*See* Case Number 4:08-CR-808-1 (S.D. Tex.)).

Petitioner argued that he was entitled to an extra seven days of good time credit per year under the First Step Act of 2018. (*See* doc. 3 at 1.)[2] He claimed that he was scheduled to be released on July 11, 2019, and that he did not have enough time to go through the administrative

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

remedy process because he would not receive the good time to which he is entitled if he waited on the Bureau of Prisons to perform its calculations. (*See id.* at 2.) Petitioner ultimately sought 88 days of credit, and any other relief the Court deemed appropriate. (*See id.* at 4.)

On May 22, 2019, the government filed a response in opposition to the petition, arguing: (1) the petition should be dismissed for failure to exhaust administrative remedies, (2) the Bureau of Prisons correctly calculated Petitioner's term of imprisonment, and (3) he is not entitled to additional good time credit under the First Step Act because it was not yet effective. (*See* doc. 7.) Petitioner's reply was received on June 11, 2019. (*See* doc. 9.) On December 2, 2019, the government filed a notice stating that Petitioner had been released from the custody of the Bureau of Prisons on September 6, 2019. (*See* doc. 10.)

## II. JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Here, Petitioner's request for good time credit to his sentence was pending at the time he was released from custody. A petition "is not moot simply because a § 2241 petitioner is no longer in custody," however. *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). The mere possibility that a district court may shorten a period of supervised release under 18 U.S.C. § 3583(e)(2) "if it determines that [the defendant] has served excess prison time" can keep the § 2241 petition from being rendered moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); *see Greene v. Underwood*, 939 F.3d 628, 628 (5th Cir. 2019) (Mem.) ("[B]ecause a district court may exercise its discretion to modify an individual's term of supervised release, taking into account that an individual has been incarcerated beyond the proper expiration of his prison term," this action is not moot.) (internal quotation marks omitted). Because Petitioner's 25-year-term of supervised release following the completion of his sentence may be shortened if he served excess prison time, his release from custody does not render his § 2241 petition moot.

A petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Salgado*, 220 F. App'x at 257 (citing *Bailey v. Southernland*, 821 F.2d 277, 278 (5th Cir. 1987)). Under § 3583, the determination of whether Petitioner served excess prison time is to be made by the sentencing court. *See Lawson v. Berkebile,* 308 F. App'x 750, 752 (5th Cir. 2009), citing 18 U.S.C. § 3583(e)(2). Petitioner was sentenced in the Southern District of Texas, and there is no indication from that Court's docket that jurisdiction has been transferred elsewhere. This Court lacks jurisdiction to determine whether Petitioner has served excess prison time, and because it cannot grant him the relief he seeks, his § 2241 petition has been rendered moot. *See Urena v. Warden*, No. 1:19-CV-312-P, 2019 WL 2571827, at *1-2 (W.D. La. May 24, 2019), *report adopted*

*by* 2019 WL 2589376 (W.D. La. June 21, 2019); *Barron v. Carvajal*, No. 5:11-CV-140, 2014 WL 2985321, at *2 (E.D. Tex. July 1, 2014); *Parham v. Martin*, No. 1:10-CV-372, 2013 WL 2243087, at *2 (E.D. Tex. May 21, 2013); *Uribe v. Fox*, No. 1:11-CV413, 2013 WL 1870538, at *2 (E.D. Tex. Apr. 12, 2013).

### III. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 30th day of March, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE